# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**RED CARPET STUDIOS DIVISION OF SOURCE ADVANTAGE, LTD.,**

    Plaintiffs,

  v.

**MIDWEST TRADING GROUP, INC.,** *et al.*,

    Defendants.

Civil Action No. 1:12-cv-0501

JUDGE BARRETT
MAGISTRATE JUDGE LITKOVITZ

**Counterclaim Endorsed Hereon**

## ANSWER AND COUNTERCLAIM OF DEFENDANT MIDWEST TRADING GROUP, INC.

And now, Defendant Midwest Trading Group, Inc. ("Midwest"), for its Answer to the Complaint of Plaintiffs, avers and pleads as follows:

### I. ANSWER TO PLAINTIFFS' COMPLAINT

1. Paragraph 1 of Plaintiff's Complaint consists entirely of unsubstantiated legal assertions, to which no response is required. To the extent a response is required, Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

2. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3. Midwest admits the allegations of Paragraph 3 of Plaintiffs' Complaint.

4. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

6. Paragraph 6 of Plaintiff's Complaint consists entirely of unsubstantiated legal assertions, to which no response is required. To the extent a response is required, Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same. By way of further Answer, Midwest specifically denies that this Court holds personal and/or subject matter jurisdiction over Midwest in this matter, or that this Court is an appropriate forum to hear this dispute. Strict proof is demanded.

7. Paragraph 7 of Plaintiff's Complaint consists entirely of unsubstantiated legal assertions, to which no response is required. To the extent a response is required, Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same. By way of further Answer, Midwest specifically denies that it has sold the allegedly infringing product in this district, or that this Court holds personal and/or subject matter jurisdiction over Midwest in this matter, or that this Court is an appropriate forum to hear this dispute. Strict proof is demanded.

8. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10. Midwest admits so much of Paragraph 10 of the Complaint as alleges that Midwest has sold for distribution a Solar Powered Spinning Light marketed under the names "Solar Mate" and "Journey's Edge". Midwest specifically denies that it has distributed, produced, sold or offered for sale a Solar Powered Spinning light marketed under the names

"Solar Mate" and "Journey's Edge" within this district.  All other allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied.

11. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12. Midwest lacks knowledge sufficient to form a belief as to the truth or falsity of Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13. In response to Paragraph 13 of Plaintiffs' Complaint, Midwest incorporates by reference its answers to the allegations of Paragraphs 1-12 as if fully set forth herein.

14. Midwest denies the allegations of Paragraph 14 of Plaintiffs' Complaint.

15. Midwest denies the allegations of Paragraph 15 of Plaintiffs' Complaint.

16. Midwest denies the allegations of Paragraph 16 of Plaintiffs' Complaint.

17. Midwest admits so much of Paragraph 17 of Plaintiffs' Complaint as alleges that Plaintiff provided some notice of alleged infringement.  All other allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied.

18. Midwest denies the allegations of Paragraph 18 of Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred in whole, or in part, by the doctrines of ratification, waiver, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

21. This Court lacks personal jurisdiction over Midwest.

## FOURTH AFFIRMATIVE DEFENSE

22. This Court is an improper venue for this Complaint.

## FIFTH AFFIRMATIVE DEFENSE

23. The patents at issue in the Complaint were improperly issued, are unenforceable and are void.

## SIXTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred by unclean hands and/or failure to mitigate damages.

## COUNTERCLAIM
## TORTIOUS INTERFERENCE

25. At all times relevant to this Counterclaim, Plaintiff/Counterclaim Defendant Red Carpet Studios Division of Source Advantage, Ltd. ("Red Carpet") has known, or should have known, that the patents at issue in its Complaint are void *ab initio* and unenforceable.

26. At all times relevant to this Counterclaim, Red Carpet has known, or should have known, that Midwest enjoyed contractual and business relationships with Walgreen Company and CVS Pharmacy, Inc. involving the overseas sale for distribution of Solar Powered Spinning Lights marketed under the names "Solar Mate" and "Journey's Edge".

27. By bringing this action, Red Carpet has purposefully sought, without privilege, to interfere in Midwest's business and contractual relationships for the sale of Solar Powered Spinning Lights marketed under the names "Solar Mate" and "Journey's Edge".

28. By bringing this action, Red Carpet has purposefully interfered, without privilege, in Midwest's business and contractual relationships for the sale of Solar Powered Spinning Lights marketed under the names "Solar Mate" and "Journey's Edge", directly and proximately causing damages in an amount to be proven at trial.

29. By bringing this action, Red Carpet has tortiously interfered with Midwest's business and contractual relationships for the sale of Solar Powered Spinning Lights marketed under the names "Solar Mate" and "Journey's Edge".

**WHEREFORE,** Defendant Midwest respectfully requests an Order:

a. dismissing Plaintiffs' Complaint in its entirety,

b. awarding Defendant Midwest its costs and attorney's fees, and prejudgment interest,

c. awarding damages on Midwest's counterclaim in an amount to be specifically proven at trial.

Respectfully submitted,

CARLILE PATCHEN & MURPHY LLP

By: */s/  Carl A. Aveni, II*
Carl A. Aveni, II (0070664)
caveni@cpmlaw.com
366 East Broad Street
Columbus, Ohio  43215
Tele:   (614) 228-6135
Fax:    (614) 221-0216
*Attorneys for Defendant*
*Midwest Trading Group, Inc.*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that the foregoing was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, this 20th day of October, 2014.  Parties may access this filing through the Court's system.

*/s/  Carl A. Aveni, II*
Carl A. Aveni, II (0070664)

CAA/WLO/01422696.1
027875.000001