**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Red Carpet Studios,

       Plaintiff,

v.

Midwest Trading Group, Inc., *et al.,*

       Defendants.

Case No. 1:12cv501

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon Defendant Midwest Trading Group's Motion to Dismiss due to Improper Venue, or, in the Alternative, for Transfer to a Proper Venue (Doc. 92); Defendants Walgreen Company and CVS Pharmacy Inc.'s Motion for Transfer of Venue (Doc. 93); Plaintiff Red Carpet's Combined Response to Defendants' Motions (Doc. 94); and Defendants' Replies (Docs. 97, 98).

Plaintiff Red Carpet Studios ("Red Carpet") alleges that Defendant Midwest Trading Group Inc. ("MTG"), along with Defendants Walgreen Company ("Walgreens") and CVS Pharmacy Inc. ("CVS"), have sold or offered to sell infringing products to which Red Carpet has a patent, U.S. Design Patent No. D487,034 ("the '034 Patent"). In a separate, later-filed case, MTG filed a "Complaint for Correction of Inventorship." *See Midwest Trading Group, Inc. v. Red Carpet Studios Division of Source Advantage*, Case No. 1:15-cv-524. MTG claimed that MTG was the successor-in-interest to the intellectual property rights of Neal Sater, who MTG claimed was an unnamed inventor of the '034 Patent. Upon MTG's Motion, these two cases were consolidated. (Doc. 61).

However, the Court granted a Motion to Dismiss filed by Red Carpet and dismissed all of MTG's claims. (Doc. 78). MTG appealed that decision (Doc. 79), but the Federal Circuit granted a motion to withdraw the appeal, and the appeal was dismissed (Doc. 80).

The Court has yet to reach the merits of Red Carpet's claims, and Defendants' present motions are yet another attempt by Defendants to prevent the Court from doing so.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue in patent cases is governed by 28 U.S.C. Section 1400(b). That statute provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). On May 22, 2017, the Supreme Court decided *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, and clarified that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." 137 S. Ct. 1514, 1517, 197 L. Ed. 2d 816 (2017).

A defense of improper venue is waivable. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."); Fed. R. Civ. P. 12(g)(2) (stating that "party that makes a motion under this rule must not make another motion under this

rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(1) (stating that "[a] party waives any defense listed in Rule 12(b)(2)–(5)," including the defense of improper venue, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading."). However, on November 15, 2017, the Federal Circuit decided *In re Micro Technology* and concluded that waiver is inapplicable to post–*TC Heartland* venue challenges because "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017." 875 F.3d 1091, 1099 (Fed. Cir. 2017).

Nevertheless, an objection to waiver may still be lost. As one district court has explained:

> *Micron* drew a line between two classes of waiver: waiver under Federal Rule of Civil Procedure 12(g)(2) and (h)(1)(A), and waiver under the "less bright-line, more discretionary framework" extant in a trial court's "inherent powers." *Id.* at 1094, 1100 (citation omitted). *Micron* thus held that district courts have authority to find forfeiture of a venue objection separate and apart from a Rule 12 shortcoming. *Id.* at 1101; *accord Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939) ("Being a privilege, [venue] may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.").

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 315 F. Supp. 3d 977 (N.D. Ill. 2018).

As to the forfeiture of a venue objections, the *Micron* court explained:

> We also note a scenario that presents at least an obvious starting point for a claim of forfeiture, whether based on timeliness or consent or distinct grounds: a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration."

*Micron*, 875 F.3d at 1102. The *Micron* court explained that a "district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

3

expeditious disposition of cases.'" *Id.* at 1100 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). The court explained that the exercise of an inherent power must be a "'reasonable response to the problems and needs' confronting the court's fair administration of justice;" and "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016)).

The Court concludes Defendants have forfeited their venue objection based on delay. *TC Heartland* was decided on May 22, 2017. Defendants did not file their Motions to Dismiss based on improper venue until six months later on November 27, 2017 and November 29, 2017. Other district courts have found that a similar delay in raising an objection to venue while at the same time actively participating in the litigation was grounds for finding that the defendant had forfeited a venue objection. *See Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-980, 2017 WL 5630023, at *3 (E.D. Tex. Nov. 22, 2017) (denying motion where the defendant waited more than two months after *TC Heartland* was decided to seek dismissal and had "continued actively litigating this case"); *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-1314, 2017 WL 7058227, at *2 (E.D. Tex. Dec. 18, 2017) ("Here, even after *TC Heartland*, Defendants waited four and five months to raise their venue challenges with the Court, at a time when the Court and the parties were investing great effort in the proceedings. Granting such untimely motions at this stage of the proceeding would disrupt the efficiency of the judicial process, both here and in the proposed transferee district."); *Akeso Health Scis., LLC v. Designs for Health, Inc.*, No. 16CV7749, 2018 WL 2558420, at *3 (C.D. Cal. Jan. 25, 2018) (finding the right to object to venue was forfeited where

the defendant failed to raise the objection for seven months following *TC Heartland*; and during that time, the defendant participated in claim construction, fact discovery had concluded, and the parties had begun to gear up for trial); *cf. Nat'l Prod., Inc. v. Arkon Res., Inc.*, No. 15CV1984, 2018 WL 1457254, at *5 (W.D. Wash. Mar. 23, 2018) (finding no waiver of venue even though the defendants did not raise the objection for six months following *TC Heartland* while actively litigating the case because no trial date had been set, the parties had not yet briefed their dispositive motions, and the plaintiff offered no basis for a finding of prejudice).

In the six-month time period between the decision in *TC Heartland* and the filing of Defendants motions, Defendants participated in an unsuccessful settlement conference before the undersigned. Defendants also filed a motion for leave to file additional briefing on Red Carpet's Partial Motion for Summary Judgment. As Defendants are well aware, the dispositive motion deadline has passed.[1] Plaintiff's Motions for Summary Judgment have been pending since July of 2013. The Court can only conclude that Defendants' current motions are another tactic designed to multiply the expense of the litigation and cause delay.

The Court also concludes MTG has forfeited its venue objection based on consent. MTG filed a "Complaint for Correction of Inventorship" in this Court. *See Midwest Trading Group, Inc. v. Red Carpet Studios Division of Source Advantage*, Case No. 1:15-cv-524. In that Complaint, and later in the Amended Complaint, MTG told this Court that venue was proper in this district. (Doc. 1, ¶ 17; Doc. 6, ¶ 17). MTG also

---

[1]This Court struck MTG's Motion for Summary Judgement, which was filed after the April 30, 2015 deadline. (Doc. 81). The Court granted Plaintiff's Motion for Sanctions, and awarded MTG to reimburse the attorney fees Red Carpet was forced to incur to prepare its Motion to Strike. (Id., PAGEID #1400).

insisted that the two actions must be consolidated.

MTG does not argue that the Northern District of Illinois would be the proper venue for its correction of inventorship claims. Instead, MTG maintains that this Court can sever the inventorship claim pursuant to Federal Rule of Civil Procedure 21, enter judgment for Plaintiff, and then dismiss or transfer the patent claim. While that may be true if the Court was deciding the issue in a vacuum, but "[t]o transfer this case, in its advanced stage, into a new forum and upon a new judicial officer would not constitute a reasonable response to the problems and needs of the parties, nor comport with the interests of justice." *Bettcher Indus., Inc. v. Hantover, Inc.*, No. 3:14-CV-406, 2018 WL 1942179, at *4 (N.D. Ohio Apr. 25, 2018).

Therefore, the factors of timeliness, procedural posture, and efficient use of judicial resources weigh against a transfer.

Based on the foregoing, Defendant Midwest Trading Group's Motion to Dismiss due to Improper Venue, or, in the Alternative, for Transfer to a Proper Venue (Doc. 92) is **DENIED**; Defendants Walgreen Company and CVS Pharmacy Inc.'s Motion for Transfer of Venue (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT