**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Red Carpet Studios,

       Plaintiff,

v.

Midwest Trading Group, Inc., *et al.,*

       Defendants.

Case No. 1:12cv501

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court upon Plaintiff Red Carpet's Sealed Motion for Summary Judgment of Design Patent Infringement (Doc. 33) and Plaintiff Red Carpet's Sealed Motion for Summary Judgment regarding the Affirmative Defenses of Defendants CVS Pharmacy Inc. and Walgreen Company (Doc. 34). Defendants filed Responses in Opposition (Docs. 58, 59); and Plaintiff filed a combined Reply (Doc. 60).

**I.    BACKGROUND**

This is a patent infringement case. Plaintiff Red Carpet Studios ("Red Carpet") alleges that Defendant Midwest Trading Group Inc. ("MTG"), along with Defendants Walgreen Company and CVS Pharmacy Inc. (collectively "the Retail Defendants"), have sold or offered to sell infringing products to which Red Carpet has a patent, U.S. Design Patent No. D487,034 ("the '034 Patent"). (Doc. 1). The '034 Patent is entitled "Kinetic Sculpture" and claims "[t]he ornamental design for a kinetic sculpture." (Doc. 1-1, PAGEID# 7). Plaintiff has described the design as a quadruple helix structure. (Doc. 33, PAGEID# 449). Figures 1 through 9 from the '034 Patent are reproduced below:



(Doc. 1-1, PAGEID# 7; Doc. 33-2, PAGEID# 476-480).[1]

Plaintiff claims the Retail Defendants have sold a product know as the "Solar Spinner" which infringes the '034 Patent. Plaintiff has provided the Court with an exemplar of one of the accused products. (Doc. 33-2, Ex. I).

The Retail Defendants have pled the affirmative defenses of: (1) laches; (2) waiver; (3) estoppel; (4) statute of limitations; (5) failure to mitigate and minimize damages, and (6) failure to state a claim. (Docs. 10 & 11).

II. **ANALYSIS**

A. **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of

---

[1] Plaintiff explains that the ornament hanging in the middle of Figures 6 through 9 of the Patent is a structure that is unclaimed and not part of the patented design.

production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In reviewing a summary judgment motion, courts are required to view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). This framework applies equally to a defendant's affirmative defenses. *Resolution Tr. Corp. v. Metropole Bldg. Ltd. P'ship*, 110 F.3d 64 (6th Cir. 1997) ("Appellants cite no authority whatever (which is not surprising since there is none) in support of their claim that because in this case the moving party is the plaintiff, the rules are different."); *EEOC v. Skanska USA Bldg., Inc.*, 80 F. Supp. 3d 766, 780 (W.D. Tenn. 2015) ("When the nonmoving party in a summary judgment motion bears the burden of proof at trial, Rule 56 requires them to 'go beyond the pleadings' and designate specific facts showing that there is a genuine issue for trial.") (citing *Celotex*, 477 U.S. at 324).

### B. Design patent infringement

A design patent is infringed by the "unauthorized manufacture, use, or sale of the article embodying the patented design or any colorable imitation thereof." *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1116-17 (Fed. Cir. 1998). In general, design patent infringement is a question of fact that the patentee must prove by a preponderance of the evidence. *L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993) (citing *Braun Inc. v. Dynamics Corp. of America*, 975 F.2d 815, 819, (Fed. Cir. 1992)). However, the Federal Circuit has explained that "summary judgment is

as appropriate in a patent case as in any other." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) (citations omitted).

The parties agree that the governing standard for design patent infringement is the "ordinary observer" test. *See Egyptian Goddess, Inc. v. Swisa Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). This test is as follows: "'[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.'" *Id.* at 670 (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)). Under the "ordinary observer" test, "the burden of proof as to infringement remains on the patentee." *Id.* at 678.

The Retail Defendants argue that the Court needs to conduct a claim scope hearing before determining whether the '034 Patent has been infringed. However, construction of design patents differs from construction of utility patents. Design patents "typically are claimed as shown in drawings," not in words. *Id.* at 679. Therefore, "the preferable course ordinarily will be . . . not to attempt to construe a design patent claim by providing a detailed verbal description of the claimed design." *Id.* at 679-680 (explaining that any attempt at a verbal description creates "the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole."); *see also MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1333 n.1 (Fed. Cir. 2014) ("[D]esign patents have almost no scope beyond the precise images shown in the drawings."). Therefore, it is sufficient for the Court to construe the '034

Patent "as shown in the figures." *See Egyptian Goddess*, 543 F.3d at 679.

Next, the Retail Defendants argue that design patent needs to be analyzed in light of the prior art of record in order to help the fact finder decide what features are important when comparing the accused product with the patented design. Plaintiff responds that Retail Defendants are essentially asking the Court to apply a rejected theory of design patent infringement to its summary judgment motion. Plaintiff argues that novelty of the claimed design is a test that the Federal Circuit says should no longer be used.

In *Egyptian Goddess*, the Federal Circuit abandoned the "point of novelty" test, which had been a part of a two-pronged approach for deciding a design infringement claim. 543 F.3d at 678. The point of novelty test required the court to look at whether the accused design appropriated the points of novelty of the patented design. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1238 (Fed. Cir. 2009) (citing *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984)). The points of novelty were determined by comparing the patented design to the prior art designs. *Id.* (citing *Bernhardt, L.L.C. v. Collezione Europa USA, Inc.*, 386 F.3d 1371, 1382 (Fed. Cir. 2004)). While it is clear that the "ordinary observer" test should be the sole test for determining whether a design patent has been infringed, and that the "point of novelty" test should no longer be used, in *Egyptian Goddess* the Federal Circuit explained:

> Our rejection of the point of novelty test does not mean, of course, that the differences between the claimed design and prior art designs are irrelevant. To the contrary, examining the novel features of the claimed design can be an important component of the comparison of the claimed design with the accused design and the prior art. But the comparison of the designs, including the examination of any novel features, must be conducted as part of the ordinary observer test, not as part of a separate test focusing on particular points of novelty that are designated only in the course of litigation.

5

543 F.3d at 678. Therefore, the ordinary observer test is to be conducted in light of the prior art. *Id.* The Federal Circuit explained it in this way:

> In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear "substantially the same" to the ordinary observer . . . In other instances, when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art . . .

*Id.* In a subsequent case, the Federal Circuit explained more fully:

> When the differences between the claimed and accused designs are viewed in light of the prior art, the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from the prior art. [*Egyptian Goddess*, 543 F.3d at 681.] If the claimed design is close to the prior art designs, small differences between the accused design and the claimed design assume more importance to the eye of the hypothetical ordinary observer. *Id.* The ordinary observer, however, will likely attach importance to those differences depending on the overall effect of those differences on the design. *Id.* Even if the claimed design simply combines old features in the prior art, it may still create an overall appearance deceptively similar to the accused design. In that case, this court will uphold a finding of infringement. *Id.* at 677–78. In other words, "the deception that arises is a result of the similarities in the overall design, not of similarities in ornamental features in isolation." *Amini Innovation*, 439 F.3d at 1371. The ordinary observer test applies to the patented design in its entirety, as it is claimed. *See Braun, Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir.1992). "[M]inor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Payless Shoesource*, 998 F.2d at 991 (quoting *Litton Sys., Inc. v. Whirlpool*, 728 F.2d 1423, 1444 (Fed.Cir.1984)).

*Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). "[I]f the accused infringer elects to rely on the comparison prior art as part of its defense against the claim of infringement, the burden of production of that prior art is on the accused infringer." *Egyptian Goddess*, 543 F.3d at 678. This is because "[t]he accused infringer is the party with the motivation to point out close prior art, and in particular to call to the court's

6

attention the prior art that an ordinary observer is most likely to regard as highlighting the differences between the claimed and accused design." *Id.*

The Federal Circuit has instructed that "[d]etermining infringement of a design patent requires comparing the drawings of the patented design to the appearance of the accused products." *Anderson v. Kimberly–Clark Corp.*, 570 Fed.Appx. 927, 932 (Fed. Cir. 2014). In its exhibits to its Motion, Plaintiff has provided the Court with side-by-side images of a Solar Spinner and the Figures from the '034 Patent. (Doc. 33-2, PAGEID# 491-496). The Court includes in this Order the following side-by-side comparison showing the '034 Patent on the left, and an example of the Solar Spinner sold by the Retail Defendants on the right:

| Plaintiff's Patent D487,034 | Retail Defendants' Solar Spinner |





Upon viewing the pictorial depictions of Plaintiff's claimed design and the Retail Defendant's accused product, the Court concludes that the accused product appears nearly identical to Patent '034. Accordingly, the Retail Defendants do not argue that the designs of the '034 Patent and the Solar Spinner would be sufficiently dissimilar to the ordinary observer. Instead, the Retail Defendants rely on examples of prior art which

7

were disclosed as part of the prosecution history of '034 Patent. (Doc. 58-2). In response, Plaintiff points out that these wind spinner products all have either three or five blades. (See Doc. 58-2, PAGEID# 828-832). Plaintiff explains that the design in Patent '034 has four blades. One example of prior art submitted by the Retail Defendants shows a four-blade design. (Doc. 58-2, PAGEID# 833). However, Plaintiff maintains that the Retail Defendants have attempted to create the mistaken impression that the prior art contains a wind spinner product with four blades, when in fact, the four-blade example is not a wind spinner at all, but is extracted from an ironworks catalogue. (Doc. 60-1, Paul Linden Decl., ¶ 2; Doc. 60-2, PAGEID# 904).

Regardless of the origin of the photo, the Court notes that the Federal Circuit has instructed that "[i]n evaluating infringement, [the court is to] determine whether 'the deception that arises is the result of the similarities in the overall design, not of similarities in ornamental features in isolation.'" *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010) (quoting *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006)). To that end, the Court has compared the '034 Patent to the exemplar accused product, and the picture of the products, and the prior art. The Court finds that the Solar Spinner sold by the Retail Defendants and the claimed design are substantially similar. The designs in the prior art all vary in height-to-width ratio from that of the design in the '034 Patent. An ordinary observer would be deceived and could be induced to purchase Defendants' product over Plaintiff's. There are no sharp distinguishing features between the two designs against the context of the prior art. Plaintiff has therefore met its burden in proving design patent infringement.

### C. **Affirmative defenses**

Plaintiff seeks summary judgment on the Retail Defendants' affirmative defenses. A party moving for summary judgment need only assert that the party with the burden of proof at trial cannot carry that burden. *Celotex*, 477 U.S. at 325.

The Retail Defendants have provided little in support of their affirmative defenses. The main argument presented is that a ruling on their affirmative defenses would be premature. In their response to Plaintiff's Motion for Summary Judgment, the Retail Defendants acknowledge that Defendant MTG is indemnifying them against Plaintiff's claims of patent infringement. (Doc. 58, PAGEID# 808). The Retail Defendants argue an adverse ruling against them prior to consideration of the claims against MTG could cause inconsistent holdings if the Court later finds in favor of MTG on its affirmative defenses. The Retail Defendants cite no caselaw in support of the proposition that this Court should wait to rule on the Retail Defendant's affirmative defenses until MTG's affirmative defenses are presented. The Retail Defendants were given wide latitude to conduct discovery from MTG. The Court extended the fact discovery deadline for six-months at the Retail Defendant's request. (Doc. 25, PAGEID# 324). The Court also stayed any decision on Plaintiff's summary judgment motions (Doc. 40) in response to the Retail Defendants Rule 56(d) motion, which stated that "[a]lthough the evidence which CVS and Walgreens currently possess, based upon pre-litigation representations from MTG, is primarily hearsay, it is nevertheless evidence which would defeat Plaintiff's claims for summary judgment and underscores the need for CVS and Walgreens to be permitted to obtain discovery from MTG before being required to respond to Plaintiff's motions." (Doc. 36, PAGEID# 639). The Retail Defendants cannot now claim that this

Court should wait until MTG presents support for its defenses. Moreover, when MTG was given the opportunity to present its affirmative defenses in a summary judgment motion, it failed to do so in a timely manner. (See Doc. 81, PAGEID# 1397).

In its Motion for Summary Judgment Regarding the Affirmative Defenses of Defendants CVS Pharmacy Inc. and Walgreen Company, Plaintiff has set forth the reasons as to why the Retail Defendants cannot meet their burden as to each affirmative defense. Plaintiff relies, in part, on the Rule 30(b)(6) depositions of Walgreens and CVS's corporate representatives. (Doc. 34, PAGEID# 555-557). Anthony Martini, on behalf of Walgreens, specifically stated that Walgreens does not have any facts or paperwork to support its affirmative defenses. (Doc. 34-2, Ex. A, Martini Dep. at 57-60). Jennifer Varum, on behalf of CVS, testified in a similar manner, except that as to the laches defense, Varum testified that the delay on Plaintiff's part was from May of 2011 to April 2012. (Doc. 34-2, Ex. B. Varum Dep. at 23). However, Varum did not identify any prejudice caused by this delay. (Varum Dep. at 25). The Court concludes that based on this testimony Plaintiff has discharged its initial burden of showing that the Retail Defendants have failed to establish an essential element of their affirmative defenses.

The Sixth Circuit has held that if the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and its case wagered." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir.1992). "Nothing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Id.* Therefore, because Plaintiff has met its burden in moving for summary judgment on the unopposed issues, summary judgment on the Retail Defendants' affirmative defenses is proper.

### III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Plaintiff Red Carpet's Motion for Summary Judgment of Design Patent Infringement (Doc. 33) is **GRANTED**; and

2. Plaintiff Red Carpet's Sealed Motion for Summary Judgment regarding the Affirmative Defenses of Defendants CVS Pharmacy Inc. and Walgreen Company (Doc. 34) is **GRANTED**.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             JUDGE MICHAEL R. BARRETT